**In the Matter of the ESTATE OF Ellis W. BROUGHTON, Deceased.**

**Ola Fern BROUGHTON, Appellant,**

v.

**Sherri DUNCAN, Ronald Eugene Hixon and Paul Hixon, Appellees.**

**No. 74931.**

Court of Appeals of Oklahoma, Division No. 2.

Oct. 8, 1991.

Certiorari Denied April 1, 1992.

David W. Phillips, Sand Springs, for appellant.

Curtis W. Fisher, Chapel, Riggs, Abney, Neal & Turpen, Tulsa, for appellees.

BRIGHTMIRE, Judge.

Did the deceased testator unintentionally fail to provide for his children in his will within the context of 84 O.S.1981 § 132?

The trial court held he did. We hold, however, he did not and reverse.

## I

Some four months before he died, Ellis W. Broughton duly executed a printed form will which, after directing payment of his debts, contained this provision:

"**Third.** I give all my estate to my wife. In the event that my said wife shall predecease me or fails to survive me for sixty (60) days, I give all my estate to my children, if any, who survive me in equal shares, per stirpes. If I am survived by neither my wife, nor children, then I give my estate to:

. . . .

to be his/hers/theirs in equal shares or their survivor."

Broughton died January 24, 1989, and his will was admitted to probate the following June.

A daughter of Broughton and the children of his deceased daughter each filed an "Application for Share as Omitted Heir" on August 31, 1989, alleging they were unintentionally omitted from the will and were entitled by statute to an intestate share of the estate. The trial court decided they were pretermitted heirs and granted judgment on the applications January 11, 1990. The widow appeals.

## II

The sole issue, then, is whether the trial court erroneously ruled that testator Broughton unintentionally failed to provide for the will contestants in his will.

We hold it did.

Title 84 O.S.1981 § 132, reads:

"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in [§ 131]."

Not only did the testator not fail to provide for his children and grandchildren—intentionally or otherwise—but he provided for both his widow and his children in a very natural, common, reasonable and rational way, particularly in view of the fact that the estimated value of the estate is a modest $14,000.

There is no escape from the fact that the obvious, plain and unambiguous language of the will is that the testator made it clear that he wanted his wife to have all of his estate if she survived him, and if she did not, then he wanted his estate to pass in equal shares to his children "per stirpes," that is, with the share of any deceased child going to its heirs, in this case, grand-

children, as representatives of the deceased child. *See* 84 O.S.1981 § 228.

### III

Since the petitioning child and grandchildren of the testator were provided for in his will by class, their applications should have been denied.

The judgment granting such applications is therefore reversed and the cause is remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

MEANS, P.J., concurs.

RAPP, J., concurs in result.